**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ERICK ADONYS ANDINO MARQUEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03033-SHL-cgc |

## ORDER GRANTING MOTION TO DISMISS

On August 10, 2026, pro se Petitioner Erick Adonys Andino Marquez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) He challenges his ongoing detention by Immigration and Customs Enforcement ("ICE") at the West Tennessee Detention Facility and seeks release or a bond hearing, so he can obtain "one more opportunity to remain with" his children. (ECF No. 2-1 at PageID 11.) Petitioner states that he is a Honduran citizen who has lived in Tennessee for years, established his own HVAC business, and supported a family. (Id.) On July 27, 2022, a final order of removal was entered against him. (ECF No. 2 at PageID 6.) On July 23, 2026, Petitioner was allegedly taken into Respondent Christopher Bullock's custody. (Id.)

According to Petitioner, he mailed his habeas petition on August 5, 2026, but on August 10, the date the Petition was received, and prior to this Court's Order prohibiting Respondent from transferring Petitioner from the West Tennessee Detention Facility while his Petition was pending, Petitioner was removed from the United States to Honduras. (ECF No. 7 at PageID 85–86.) Respondent submitted a filing on August 20, 2026, which also indicated that Petitioner had been removed to Honduras. (ECF No. 8 at PageID 92.) Respondent contends that Petitioner's

Petition is now moot and requests it be dismissed. (Id.)

A court can "only adjudicate [a] live case[] or controvers[y]." Lathfield Invs., LLC v. City of Lathrup Vill., 136 F.4th 282, 292 (6th Cir. 2025). When a case is moot, it is no longer a live case or controversy, and, unless an exception applies, it is no longer judicially reviewable. See Chafinv. Chafin, 568 U.S. 165, 172 (2013). To determine whether a case is moot, courts examine "whether the relief sought would, if granted, make a difference to the legal interests of the parties." Lathfield Invs., 136 F.4th at 292 (citation omitted). And when, "as a result of events during the pending of the litigation—the court's decision would lack any practical effect, the case is moot." Patton v. Fitzhugh, 131 F.4th 383, 392 (6th Cir. 2025) (citation omitted).

Here, granting Petitioner the relief sought in his habeas petition would have no effect on the parties' current legal interest, because the Petitioner is no longer in Respondent's custody, or present in the United States. While the timing of the removal of Petitioner from the jurisdiction is unclear, that question is only relevant if Petitioner were still in the country. He is not. As such, Petitioner's Petition is moot, so Respondent's Motion to Dismiss Petitioner's Petition is **GRANTED**. Petitioner's Petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE